■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ROSARIO, Appellant. [666 NYS2d 136] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 31, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

The trial court properly closed the courtroom during the undercover officer's testimony based on her hearing testimony that she continued to participate in undercover operations in the area of defendant's arrest, had approximately 10 ongoing investigations in the area, had previously encountered threatening behavior by drug dealers stemming from her undercover work and feared for her safety if the courtroom remained open during her testimony (*People v Ayala*, 90 NY2d 490; *People v Martinez*, 82 NY2d 436). Moreover, since defense counsel never suggested any reasonable alternatives to closure, the trial court was not required to consider any (*People v Ayala, supra*).

The record fails to support defendant's claim that the People deviated from the court's *Sandoval* ruling. In any event, to the extent that the People's cross-examination of defendant could be viewed as deviating from the *Sandoval* ruling, defendant opened the door thereto (*see, People v Melendez*, 55 NY2d 445).

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.

